# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

JAMES RUSSELL TACKER,

    Plaintiff,

v.                                                     Case No. 20-11557

GENERAL MOTORS, LLC, and
JOHN DOES 1-4,

    Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT, TERMINATING AS MOOT DEFENDANT'S MOTION TO DISMISS, AND DIRECTING COUNSEL TO FILE A JOINT MEMORANDUM**

Plaintiff James Russell Tacker brings this action for strict liability, breach of implied warranty of merchantability, failure to warn, and negligence. (ECF No. 1, PageID.8-13.) Plaintiff allegedly suffered severe injuries as a result of an accident that occurred when he was driving an automobile designed, manufactured, and distributed by Defendants General Motors, LLC, ("GM") and John Does 1-4. (*Id.*, PageID.7-9, ¶¶ 3, 7, 9.) The case was filed in the United States District Court for the Eastern District of Arkansas, and transferred here. (ECF No. 2.)

On June 18, 2020, Defendant GM filed a motion to dismiss Plaintiff's failure to warn claim. (ECF No. 7, PageID.40-43.) In response, Plaintiff "agrees to voluntarily dismiss his post-sale failure to warn claim." (ECF No. 10, PageID.47-48, ¶¶ 2-3.) The same day he filed this response, Plaintiff moved to amend his complaint. (ECF No. 11.) The proposed amended complaint does not contain a failure to warn claim and makes various alterations to the alleged facts and remaining claims. (*Id.*, PageID.52, ¶¶ 4-11.)

Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend his complaint as a matter of right within twenty-one days of service of an answer or "a motion under Rule 12(b), (e), or (f), whichever is earlier." However, once twenty-one days have passed, a plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Consistent with the liberal pleading standards of federal court, Rule 15(a)(2) directs the court to "freely give leave [to amend] when justice so requires." *Id.*; *see* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1473 (3d ed. 1998). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff does not claim to have a right to amend his complaint and instead seeks court approval "pursuant to Federal Rule of Civil Procedure 15(a)(2)." (ECF No. 11, PageID.51.)

This case began only in March 2020 and discovery has not formally commenced. (ECF No. 1, PageID.7.) There has been no undue delay. *Foman*, 371 U.S. at 182. Further, no arguments have been presented that accepting the proposed amendments would result in prejudice. *Id.* Defendant GM itself moves to dismiss the claim and no Defendant provided comment or a response to Plaintiff's motion to amend within the time to file a response brief. (ECF No. 7.) The court will grant Plaintiff leave to file an amended complaint. Fed. R. Civ. P. 15(a)(2).

Worth mentioning is that neither Defendant GM's motion to dismiss in part, nor Plaintiff's motion to amend, was presented with any indication that the moving party had sought concurrence from the non-moving party(ies) which, if granted, would obviate the need for briefing. E.D. Mich. L.R. 7.1(a). Given Plaintiff's speedy concession of the motion to dismiss, and Defendants' silence in response to the motion to amend, the court discerns that some unnecessary costs may have been rung up.

To reinforce the need for 7.1(a) procedures, Counsel will please acknowledge in a very brief memorandum to be filed forthwith that he or she has read this caution and will take pains to attend to the 7.1(a) requirement in any future motion practice. Accordingly,

IT IS ORDERED that Plaintiff's unopposed "Motion to Amend . . . Complaint" (ECF No. 11) is GRANTED.

IT IS FURTHER ORDERED that Defendant's "Motion to Dismiss" (ECF No. 7) is TERMINATED AS MOOT.

Finally, IT IS ORDERED that counsel are DIRECTED to file a joint memorandum acknowledging Local Rule 7.1(a) requirements by **August 5, 2020**.

                                        s/Robert H. Cleland                    /
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  July 29, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 29, 2020, by electronic and/or ordinary mail.

                                        s/Lisa Wagner                    /
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C1 ORDERS\20-11557.TACKER.MotiontoAmendComplaintandMotiontoDismiss.RMK.RHC.4.docx